UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                                                                  CR. No. 19-10010-MLW

BRIAN ORLANDELLA

DEFENDANT'S MOTION TO COMPEL DISCOVERY

The defendant, Brian Orlandella, respectfully requests the Court to issue an order compelling the government to provide him with discovery pursuant to the provisions of Fed. R. Crim. P. 16 and states in support thereof as follows:

On June 12, 2019, counsel for the defendant served a discovery letter upon the government requesting specific information including documents, statements, reports, and other items. The government responded, and in the responses listed below declined to provide discovery.[1]

A. **Discovery Sought To Be Compelled:**

**Police Information:**

**2. The names, addresses, affiliations, and titles of each person (law enforcement and civilian) who investigated or was involved in the investigation of this case in the state of Texas.**

Response: The government objects to this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16. The Local Rules require early disclosure of such information only for those witnesses "whom the government anticipates calling in its case-in-chief [.]" L.R. 116.2(b)(1)(C). In this case, the government has not yet determined who will serve as trial witnesses in its case-in-chief. Accordingly, disclosure of the requested information at this time would be premature.

---

[1] *The defendant has reproduced below the original requests (in bold) as presented and the government's response to each. Also included here is the defendant's position on each item as to why the requested discovery should be provided. Only contested responses are included.*

Defendant's Position:  This case originates out of the state of Texas where a local police department received information in the form of a complaint from the mother of a female alleged to be an underage person as defined in the statute. Each such individual whose identity is requested is a potential witness and one who may be mandated to make a report.

The request is material to the preparation of the defense under Rule 16(a)(1)(E)( I). Further, officers involved in the investigation would be privy to information, statements, and objects that would tend to corroborate or contradict information supplied by the complaining parent. *United States v. Poulin*, 592 F. Supp. 2d 137, 143 (D. Me. 2008) "(Rule 16 requires the disclosure of inculpatory and exculpatory evidence alike.")."

**Documents and Reports:**

**3. All documents, reports, photographs, images, and objects regarding the investigation performed by "the PD" in Texas concerning the investigation of Brian Orlandella.**

Response:   The government has provided (or made available for inspection) items it intends to use in its case-in-chief, and declines this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16.

Defendant's Position:  Throughout the affidavit executed by the S/A Iannaccone [Doc. 1-1] in this case there are references to objects located in Texas and in Massachusetts. The defendant will avail himself, through counsel, to  inspect objects the government intends to offer as evidence. This request is aimed primarily at reports but also at objects and documents not currently intended by the government to be offered as evidence at trial.

**4. All documents, reports, and objects regarding the investigation performed by "the PD" in Texas concerning the investigation of any other "male adult users" who interacted in any way with "Minor A" during the course of the investigation asset out in paragraph 4 of the Iannaccone Affidavit.**

Response: The government objects to this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16.

Defendant's Position: The Affidavit filed by S/A Iannaccone of H.I.S. [Doc. 1-1] on 12/03/2018 indicates that the mother of  Minor A had been communicating via the Kik digital application with "adult male users" [who] were requesting photos of her containing sexually explicit acts.  "Minor A's mother showed the PD portions of Minor A's conversations with other users and gave Minor A's phone to the PD."

The local Texas police department is a member of the prosecution team in this case. The United

States Attorneys' Manual states that "members of the prosecution team include federal, state, and local law enforcement officers and other government officials participating in the investigation and prosecution of the criminal case against the defendant." United States Attorneys' Manual §§ 9-5.001B(2) and 9-5.002 (citing *Kyles v. Whitley*, 514 U.S. 419, 437 (1995). As the Texas authorities coordinated with federal investigators in this investigation, under the Department of Justice's own standards the Texas law enforcement agencies should be considered part of the federal prosecution team for purposes of both Fed. R. Crim. P. 16 and *Brady* and *Giglio*, Therefore, reports and material generated or received by them are discoverable and also material to the preparation of the defense.

The content of the conversations that Minor A had with others, not the defendant, are relevant to the preparation of the defense as they contain statements that may contradict statements regarding her age and other characteristics conveyed. This information is material to the preparation of the defense.

**Telephones and Digital Devices:**

**6. All documents and objects pertaining to Minor A's utilization of the her mobile telephone or other such electronic devices discovered during the course of the investigation by "the PD" and any other federal, county, state, or local agency including, without limitation**:

 b. all communication between Minor A and any other person concerning the creation or exchange of digital images without limitation to time which includes dates prior and subsequent to May 18,2018.

Response: The government objects to this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16.

c. any and all notes, memoranda, written reports, summaries of interviews, written statements, and recordings made with or in relation to Minor A during the course of any federal, state, county, or local investigation involving the mobile telephone or other digital devices of Minor A.

Response: The government declines this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16. The Local Rules require early disclosure of such information only for those witnesses "whom the government anticipates calling in its case-in-chief [.]" L.R. 116.2(b)(1)(C). In this case, the government has not yet determined who will serve as trial witnesses in its case-in-chief. Accordingly, disclosure of the requested information at this time would be premature.

Defendant's Position:    Though the government may not have decided to call certain individuals as witnesses, the defense needs to analyze such information to determine whether it will call them

as defense witnesses, especially if the government does not. In that regard, the information is material to the preparation of the defense.

**Minor A's Mother:**

**7. All documents and objects pertaining to the actions and observations of the mother of Minor A, including without limitation:**

a. all communications (written and electronic) between Minor A's mother and any law enforcement or civilian agency or entity involved in the investigation concerning Minor A and Mr. Orlandella as well as between Minor A and any other person.

b. the substance of any statements of Minor A's mother concerning MinorA's:

i. use of the mobile phone or other digital device;

ii. statements to her relative to the creation, receipt, or distribution of images by her, to her, or with "gianninyny."

Response: The government objects to this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16. The Local Rules require early disclosure of such information only for those witnesses "whom the government anticipates calling in its case-in-chief [.]" L.R. 116.2(b)(1)(C). In this case, the government has not yet determined who will serve as trial witnesses in its case-in-chief. Accordingly, disclosure of the requested information at this time would be premature.

Defendant's Position:    Statements made by Minor A to her mother, who initiated the complaint are relevant in three ways: First, they would describe events that the government needs to prove; second, if they vary from the information in the Texas reports then that is exculpatory; Third, any variance in the statements made by Minor A constitute exculpatory evidence.  The defense is entitled to this information under Fed. R. Crim P. 16 (a)(1)(E) [I], L.R. 116.2(b)(1), and *Brady* and *Giglio*.

**Statements of Witnesses, Victims, and Others:**

**8. Any and all statements of any witness or person concerning the allegations set forth in the indictment, including without limitation:**

a. any and all statements of Minor A to any federal, state, county, or local law enforcement agency or personnel;

b. any and all statements of Minor A's mother to any federal, state, county, or local law enforcement agency or personnel;

c. any and all statements of any person (regardless of whether the government currently intends to call such person as a trial witness) to any federal, state, county, or local law enforcement agency or personnel.

Response: The government objects to this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16. The Local Rules require early disclosure of such information only for those witnesses "whom the government anticipates calling in its case-in-chief [.]" L.R. 116.2(b)(1)(C). In this case, the government has not yet determined who will serve as trial witnesses in its case-in-chief. Accordingly, disclosure of the requested information at this time would be premature.

Defendant's Position: This information is material to the preparation of the defense as it identifies persons or entities in possession of material or information pertinent to the facts alleged in this case. Although the government has not yet determined whether it will call certain of such individuals as trial witnesses, the defense needs to determine whether such witnesses may serve as defense witnesses.

**Software Applications and Digital File Investigation:**

**9. The name and version of each and every software application utilized by law enforcement or civilian entity working with law enforcement during the investigation and prosecution of this case.**

Response: I understand from our conversation that you are seeking this information for the purposes of securing an expert to aid you in your review of the digital evidence. The forensic agent typically uses products from Cellebrite, Axiom, Oxygen, and ADF (among others), and will work with your expert to export materials in a format or formats with which your expert is familiar.

Defendant's Position: This request seeks the name of the specific software utilized by law enforcement in order for the defense to locate and interview experts with knowledge and experience in that particular software application. The defense should not be left to pick and choose or guess the software application utilized. Further, "[C]riminal defendants should not have to rely solely on the government's word that further discovery is not necessary. This is especially so where, as here, a charge against the defendant is predicated largely on computer software functioning in the manner described by the government, and the government is the only party with access to that software." *United States v. Budziak*, 697 F. 3d. 1105, 1113 (9th Cir. 2012).

**10. All documents in the possession, custody, or control of the government regarding such software programs' technical specifications.**

Response: The government objects to this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16.

Defendant's Argument: The defense requires this information in order to retain an expert to examine the defendant's phone and any extraction of the information from the phone as well as the workings and of the software utilized by law enforcement.

**Arrest of Brian Orlandella:**

**15. The names, rank, and agency affiliation of each and every law enforcement officer or agent present at the home of Brian Orlandella to effect his arrest on or about December 3, 2018.**

Response: The government declines this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16. The Local Rules require early disclosure of such information only for those witnesses "whom the government anticipates calling in its case-in-chief [.]" L.R. 116.2(b)(1)(C). In this case, the government has not yet determined who will serve as trial witnesses in its case-in-chief. Accordingly, disclosure of the requested information at this time would be premature.

Defendant's Position: Each officer or agent present is a witness to the events, questioning, and search of the defendant's home. Each has discoverable information and need to be interviewed by defense investigators.

**Interrogation of Brian Orlandella:**

**16. The purpose and function of each law enforcement officer or agent present at the home of Brian Orlandella on the date of his arrest on or about December 3, 2018.**

Response: The government declines this request because disclosure of this information is not required at this time. The information is neither exculpatory nor can it be considered material to the defense under Fed. R. Crim. P. 16.

Defendant's Position:  As Mr. Orlandella has sworn in his Affidavit in Support of Motion to Suppress Statements, a large group of law enforcement officers, many dressed in tactical gear and carrying military style weapons, burst into his home in the pre-dawn hours and dragged him to the street at gunpoint.  He was separated from his family and isolated while agents searched the home.  After a time, Orlandella was taken to the kitchen where he was interrogated.  One basis for the motion to suppress statements is the overwhelming force, intimidation, and police-dominated environment that pervaded the questioning.

B.    **Argument:**

**The government has provided inadequate responses to the defendant's requests for information material to preparing the defense under fed. R. crim. P. 16(a)(1)(e)(I).**

Fed. R. Crim. P. 16 requires the government to disclose materials, upon the request of the defendant, when "the item is material to preparing for defense." Fed. R. Crim. P. 16(a)(1)(E). "Evidence 'material to preparing the defense' includes any evidence that could significantly refute the Government's case in chief[.]" *See United States v. Zhen Zhou Wu*, 680 F. Supp.2d 287, 290 (D. Mass 2010) (quoting *United States v. Armstrong*, 517 U.S. 456, 462 (1996)). The defendant's burden to simply to make a *prima facie* showing as to how the evidence can be used in "uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment or rebuttal." *United States v. Goris*, 876 F.3d 40, 44-45 (1st Cir. 2017) (citing *United States v. Lloyd*, 992 F. 2d 348, 351 (D.C. Cir. 1993)); *see also* C. Wright, 2 Federal Practice & Procedure § 254, at 66-67 (1982) ("Too much should not be required in showing materiality."). The scope of discovery available under Rule 16 is broader than that to which a defendant is entitled to under *Brady v. Maryland*, 373 U.S. 83 (1963). *See, e.g. United States v. Lee*, 573 F. 3d 155, 163-64 (3d Cir. 2009) (vacating conviction because government failed to provide material inculpatory evidence that was "the missing link to the prosecution's case and was central to the defendant's trial strategy," in violation of Rule 16); *United States v. Muniz-Jaquez*, 718 F. 3d 1180, 1183-84 (9th Cir. 2013) ("Even inculpatory evidence may be relevant" under Rule 16(a)(1)(E)(i) as it may alter defendant's

trial strategy or induce a plea agreement); *United States v. Poulin*, 592 F. Supp. 2d 137 (D. Me. 2008).

The discovery obligations under Rule 16 are augmented by this district's Local Rule 116.1, which provides for automatic discovery of Rule 16 materials without need for requests, and Local Rule 116.2, which codified the government's obligations under *Brady* and its progeny, to produce all exculpatory information. *See also Giglio v. United States*, 405 U.S. 150, 154-55 (1972) (holding that impeachment information constitutes *Brady* material); *United States v. Prochilo*, 629 F. 3d 264, 266 (1st Cir. 2011) (citing *Brady*). Under L.R. 116.2, the government is required to produce exculpatory evidence in two phases: the first includes disclosure of evidence that tends to negate the guilt of the defendant of the charges sought, and is contemporaneous with the government's automatic disclosure responsibility under L.R. 116.1(c). The second phase includes most other impeachment evidence, and is due to be produced 21 days before trial. *Compare* L.R. 116(b)(1) and L.R. 116(b)(2); *see also United States v. Ritter*, No. 11-cr-40037-FDS, 2012 WL 1965404, at *1 (D. Mass. May 30, 2012).

In this case, the discovery requested is central to Mr. Orlandella's trial strategy and material to the preparation of his defense against the charge contained in the indictment. Disclosure of the evidence requested should be concurrent with the government's automatic discovery deadline.
WHEREFORE: Brian Orlandella respectfully requests that Court order the government to provide to him the discovery items set out above.

        Brian Orlandella,
By his attorney,

/s/ James J. Cipoletta
_____

James J. Cipoletta
MA Bar no. 08260
385 Broadway - Suite 307
Revere, MA 032151
Telephone 781.289.7777
jim@cipoletta.com

<u>Certification</u>

The undersigned hereby certifies that the foregoing was filed this day through the ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

        <u>/s/ *James J. Cipoletta*       </u>