UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ] | |
| | ] | |
| | ] | |
| V. | ] | Cr. No. 19-10010-MLW |
| | ] | |
| | ] | ORAL ARGUMENT REQUESTED |
| BRIAN ORLANDELLA | ] | |

DEFENDANT'S SUPPLEMENTAL MOTION
TO MODIFY CONDITIONS OF PRETRIAL RELEASE
[with incorporated memorandum]

Brian Orlandella, by and through counsel, respectfully requests the Court to modify the

conditions of his pretrial release by modifying the court-imposed curfew from 7:00 AM - 9 PM

to 6:00 AM - 11: 30 AM..

 In support hereof Mr. Orlandella says as follows:

(A) *Position of the Parties*:

The Probation Department assents to this motion.  The Government defers to Probation.

(B) *Facts*:

Mr. Orlandella is charged with violation of the provisions of 18 U.S.C. § 2251(a) and ( c),

and 18 U.S.C. §1470.  On December 20, 2018, he was released on conditions pursuant to the

provisions of 18 U.S.C. §3142(a)(2). The conditions include a surety bond, the responsibility to

maintain or seek employment, electronic monitoring, and a curfew, among various standard

conditions. The initial curfew has been modified to reflect the current time restrictions.

Over the course of his pretrial release Mr. Orlandella has been in full and total

compliance with all imposed conditions. He now requests a modification of the current curfew by

allowing him to leave the house at 6:00 AM and to be back home by 11:30 PM.

Mr. Orlandella currently is employed at a major retail club in the stock department. The store is occupied by workers 24 hours a day. He has been working various hours in line with his current curfew restrictions. However, he is required to cut his hours short in order to be home by the 9:00 PM hour. Mr. Orlandella has the opportunity to work until 11:00 PM as the summer work schedule is implemented.

Mr. Orlandella has been living with his parents in Saugus, not at the Beverley family home, for reasons related to Pretrial Services at the time of his release  His children are out of school for the season. His son resides at the family home. His daughter, a college student, has taken up residence in Amherst, Massachusetts.

As the re-opening of the state evolves and more activities become available, Mr. Orlandella would like to be able to work more days and longer hours while being able to spend more time with his children with whom he does not reside,  and be able to assist in their care and education.

Mr. Orlandella has been on pretrial release since December 2019 and has not violated a single term of his release. He is not charged with any offense that is alleged to have been committed in public nor during any particular time of day. Further, the indictment does not allege a contact offense.  Furthermore, the government alleges that the offense charged involves the use of an internet connected device while he actually was at his own home.

( C) *Argument*:

Modifying the curfew will not create or increase any risk of committing any criminal offense as he remains unable to utilize an internet connected device, will be location monitored, and still would be subject to several other protective conditions imposed by the Court and

enforced by Pretrial Services.

The purposes of the pretrial release decision include providing due process to those accused of crime, maintaining the integrity of the judicial process by securing defendants for trial, and protecting victims, witnesses and the community from threat, danger, or interference. *American Bar Association, Criminal Justice Section Standards: Pretrial Release. Standard 10-1.1. (ABA Standards)*. In deciding pretrial release, the judicial officer should assign the least restrictive conditions of release that will reasonably ensure a defendant's attendance at court proceedings and protect the community, victims, witnesses, or any other person. *ABA Standard 10-1.2.*

The provisions of 18 U.S.C. § 3142 (a)(2) allows the judicial officer to release a person on a condition or combination of conditions. But those conditions shall be the least restrictive condition or combination of conditions. See, 18 U.S.C. 3142(c)(1)(B).

(D) *Conclusion*

The minimal modification of the pretrial release curfew condition is in compliance with the pretrial release statute and consistent with the purposes of the statute.

(E) *Affidavit*

Brian Orlandella incorporates herein his Affidavit filed as an attachment hereto.

(F) *Request For Oral Argument*

Brian Orlandella believes that an oral argument may assist the Court and therefore requests oral argument on this motion.

*WHEREFORE*: Brian Orlandella respectfully requests the Court to modify the court-imposed curfew by allowing him to be out of his residence between the hours of 6:00 AM and 11:30 PM.

*Certification Pursuant To L.R. 7.1(a)(2)*

I certify that I have conferred with all parties and have attempted in good faith to resolve or

narrow the issue as required by Local Rule 7.1 (a)(1).

> Respectfully submitted,
> By his attorney,
>
> /s/ *James J. Cipoletta*
> _____
> James J. Cipoletta
> MA Bar No. 084260
> 385 Broadway - Suite 307
> Revere, MA 02151
> 781.289.7777
> jim@cipoletta.com

June 23, 2020

## Certification

The undersigned hereby certifies that the foregoing was filed this day through the ECF system and
will be sent electronically to the registered participants as identified on the Notice of Electronic
Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

> /s/ *James J. Cipoletta*