UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>     Plaintiff, <br><br> v. <br><br> BRIAN ORLANDELLA, <br>     Defendant. | ) <br> ) <br> ) <br> ) Cr. No. 19-10010-MLW <br> ) <br> ) <br> ) |

MEMORANDUM AND ORDER

WOLF, D.J.                                                            June 22, 2022

Defendant Brian Orlandella was charged in a two-count indictment with sexual exploitation of children, in violation of 18 U.S.C. §§2251(a) and (e), and the transfer of obscene material to minors, in violation of 18 U.S.C. §1470. See Dkt. No. 15. He was tried on these charges in April 2022. At the conclusion of the government's case-in-chief, the defendant orally moved for judgment of acquittal, pursuant to Fed. R. Crim. P. 29(a), as to both counts. See Apr. 20, 2022 Tr. (Dkt. No. 268) at 36. The court denied the motion. See id. After stating that he would not present evidence, the defendant renewed his motion for judgment of acquittal. See id. at 36-37. The court reserved judgment until after the jury returned a verdict. See id. at 37. The jury promptly returned guilty verdicts on both counts. See id. at 94-95. The court then denied the defendant's motion for judgment of acquittal. See id. at 101. It informed the defendant that he could file a new Rule 29 motion on or before May 5, 2022. See id. at 98-99; Apr.

20, 2022 Order (Dkt. No. 261). On May 4, 2022, the defendant filed the instant motion for judgment of acquittal as to Count One, the sexual exploitation of children charge. See Dkt. No. 264 (the "Motion").

Defendant did not object to any aspect of the court's instructions to the jury when they were given. See Apr. 20, 2022 Tr. (Dkt. No. 268) at 92. Nor does he assert in the Motion that those instructions were erroneous in any way. Defendant also does not contend that the evidence was insufficient to prove beyond a reasonable doubt that, as the jury found, he was guilty of using the internet to send a 13-year-old girl in Texas obscene pictures of himself. That evidence included the defendant[1] sending the girl an internet "chat" message through the Kik mobile application stating that "Daddy made you some videos last night"; two videos the defendant sent of himself masturbating; followed by another chat message asking, "Baby, did you like Daddy's videos or no?". Ex. 1-1 at 9-11; Ex. 21-3 at 16-17.

Defendant does seek acquittal on Count One, the sexual exploitation of children charge, asserting that "even construing

---

[1] At trial, the government alleged that the defendant communicated with the girl utilizing a Kik account under the username "Gianninyny". The court finds, as the jury found, that the evidence presented at trial was sufficient to prove beyond a reasonable doubt that defendant was the user of the "Gianninyny" account. See, e.g., Ex. 2; Ex. 3; Ex. 8-2 at 4-5; Ex. 8-3 at 3-6; Ex. 18-1.

2

all of the evidence and inferences in the government's favor, no reasonable jury could find beyond a reasonable doubt that he knowingly employed, used, persuaded, induced, enticed, and coerced a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce." Motion (Dkt. No. 264) at 1. In neither the Motion nor the supporting memorandum (Dkt. No. 265) does the defendant address the fact that, as the court instructed without objection, the jury could have properly convicted him for merely attempting to commit the crime charged in Count One. See Apr. 20, 2022 Tr. at 87-88.[2] In any event, as properly and persuasively

---

[2] The court gave the following instructions to the jury regarding attempt:

> There is a second way that the government could prove the defendant is guilty of the sexual exploitation of a minor charge in Count One. He could be found guilty on Count One if the government proves beyond a reasonable doubt that he attempted to commit the crime charged. To prove attempted sexual exploitation of a minor, the government must prove beyond a reasonable doubt: First, that the defendant intended to commit the crime charged in Count One as I've just described it; and, second, that the defendant engaged in a purposeful act that, under the circumstances as he believed them to be, amounted to a substantial step toward commission of the crime.
>
> A substantial step is less than what is necessary to complete the commission of the crime, but more than mere preparation. In order to constitute a substantial step

3

explained in the government's closing argument at trial, see id. at 45-56, 67-70, and in its Opposition to the Motion (Dkt. No. 273), there was ample evidence for the jury to find beyond a reasonable doubt that the defendant committed the offense charged in Count One and also that he attempted to commit that crime. Therefore, the Motion is being denied.

Rule 29(c)(2) provides that, "[i]f the jury has returned a guilty verdict, the court may set aside the verdict and enter an acquittal." The court must " 'scrutinize the evidence in the light most compatible with the verdict, resolve all credibility disputes in the verdict's favor, and then reach a judgment about whether a rational jury could find guilt beyond a reasonable doubt.'" United States v. Merlino, 592 F.3d 22, 29 (1st Cir. 2010) (quoting United States v. Olbres, 61 F.3d 967, 970 (1st Cir. 1995)). In making this sufficiency inquiry, the court must consider the direct and circumstantial evidence, as well as all plausible inferences drawn from it. See United States v. Rivera Calderon, 578 F.3d 78, 88 (1st Cir. 2009). This includes all of the evidence submitted to

---

creating criminal liability, the defendant's action must make it clear that there was a criminal design and the intent was not to commit some act that would not be criminal.

Apr. 20, 2022 Tr. at 87-88.

4

the jury regardless of whether it was properly admitted. See United States v. Diaz, 300 F.3d 66, 77 (1st Cir. 2002).

In deciding a Rule 29 motion, the court may not "weigh the evidence or make any credibility judgments." Merlino, 592 F.3d at 29; see United States v. Ayala-Garcia, 574 F.3d 5, 11 (1st Cir. 2009). Rather, credibility issues must be resolved in favor of the verdict. See Rivera Calderon, 578 F.3d at 88 (quoting United States v. Perez-Ruiz, 353 F.3d 1, 7 (1st Cir. 2003)).

The court must decide if the evidence is sufficient to permit a rational jury to find each essential element to have been proven beyond a reasonable doubt. Olbres, 61 F.3d at 970. However, the government does not have to rule out every hypothesis "'congenial to a finding of innocence.'" United States v. Valle, 72 F.3d 210, 216 (1st Cir. 1995) (quoting United States v. Gifford, 17 F.3d 462, 467 (1st Cir. 1994)).

Moreover, the government is not bound by all of the evidence that it presents. However, if the government introduces evidence contrary to the inferences it wants the jury to draw, it must introduce other direct or circumstantial evidence to relieve itself of the effect flowing from the evidence introduced. See Rodgers v. United States, 402 F.2d 830, 833-34 (9th Cir. 1968);

5

United States v. Canessa, 534 F.2d 402, 404 n. * (1st Cir. 1976) (distinguishing Rodgers).[3]

In support of the Motion, defendant reiterates arguments he made in his closing argument to the jury. See Apr. 20, 2022 Tr. at 57-67; Def. Mem. (Dkt. No. 265). In essence, he relies on evidence that the videos sent to defendant by the 13-year-old girl "were the result of the request, coercion, enticement, or actions of a third party not named in this indictment[,]" not the defendant. Def. Mem. at 3. To bolster this contention, the defendant points to evidence indicating that the girl was messaging other older men who requested photos of her engaging in obscene acts that were not sent to the defendant, id. at 2-3; one message indicating she had another "Daddy", id. at 5; and the fact that none of the images alleged to have been sent by the defendant or received by him were found on his phone, id. at 4.

However, as more fully explained in the government's Opposition, "the record is replete with the defendant's requests that [the 13-year-old girl] engage in sexually explicit conduct, video it, and send it to him." Dkt. No. 273 at 9. For example, on

---

[3] This statement of the standard for deciding a Rule 29 motion was utilized by the court in denying a motion for a judgment of acquittal in United States v. DiMasi, 810 F. Supp. 2d 347, 351-52 (D. Mass. 2011). That decision was affirmed by the First Circuit. See United States v. McDonough, 727 F.3d 143 (1st Cir. 2013)

6

May 18, 2018, the defendant told the girl to take off her shorts, told her he wanted to cum, and that he wanted her to do it with him. Ex. 21-3 at 8-9. The girl told him that she was taking a bath when she got home, and he responded: "Mmmm can u take videos for daddy?" Id. at 9. The defendant renewed his request for videos multiple times on May 19, 2018 ("U should make Daddy a video," "Make dada a video?"). Ex. 1-1 at 5-6; Ex. 21-3 at 14-15.

Similarly, in a May 20, 2018 chat, the girl and defendant, using the name "Gianninyny", had the following exchange:

Gianninyny: Hi

Wyd?

Minor A: Just got out of tub

Gianninyny: Yea???? Can Daddy see?

Minor A: I used my brush hehe

Gianninyny: Mmmm yea? Did u make any videos?

Minor A: Yeah

Gianninyny: Mmmm show dada

Plzzzz

Ex. 1-1 at 16-17; Ex. 21-3 at 20-21.

Following that exchange, the girl sent the defendant a 14-second video of herself submerged in water, repeatedly inserting the handle of a black brush into her vagina. Ex. 1-1 at 17-18; Ex. 21-3 at 20-22; Ex. 21-13. Approximately a minute and a half later, the girl sent a photograph of herself naked in a tub, with her

7

breasts and face visible. Ex. 1-1 at 19; Ex. 21-3 at 22; Ex. 21-15. When she told the defendant that the video would not send, he told her to keep trying. Ex. 1-1 at 18-19; Ex. 21-3 at 22. <u>When the defendant asked her who she took those pictures and videos for, she told him, "No one I was waiting for you."</u> Ex. 1-1 at 19-20; Ex. 21-3 at 23. (emphasis added). Two minutes later, he told her to "send more." Ex. 1-1 at 21; Ex. 21-3 at 23. A minute and a half after that, he wrote "send the vids." Ex. 1-1 at 21-22; Ex. 21-3 at 24. Two and a half minutes later, he wrote "Take a pic for daddy." Ex. 1-1 at 23; Ex. 21-3 at 24.

The evidence includes many other examples of the defendant asking the girl to send him obscene pictures. <u>See, e.g.</u>, Ex. 1-1 at 36 ("I want nudes"), 39 ("Baby more light... And video it pussy"), 40 ("Make daddy a video of that tight teen cunt"); Ex. 21-3 at 33, 35-36. Viewed in the light most compatible with the verdict on Count One, there was ample evidence for a rational jury to find beyond a reasonable doubt that the defendant used the internet both to attempt to induce a minor to produce a video depiction of herself engaged in sexually explicit conduct and succeeded in doing so.

In view of the foregoing, the Motion (Dkt. No. 264) is hereby DENIED.

/s/ Mark L. Wolf
UNITED STATES DISTRICT JUDGE