```
             UNITED STATES DISTRICT COURT
              DISTRICT OF MASSACHUSETTS
```

UNITED STATES OF AMERICA

V.                                    CR. NO.  19-10010-MLW

BRIAN ORLANDELLA

<u>DEFENDANT'S SENTENCING MEMORANDUM</u>

This memorandum is prepared to assist the Court in the sentencing of Orlandella who was convicted by a jury on one count of Sexual Exploitation of Children in contravention of 18 U.S.C. § 2251(a) and (e)and one count of Transfer of Obscene Material to Minors in contravention of 18 U.S.C. § 1470.

**1.   The offense:**

The Indictment charges that Mr. Orlandella, during a period in May 2018, corresponded with a female under the legal age who was residing in Texas. The communication was done by way cell phone. The allegations charged that he requested the female to make and send nude photos and videos containing sexually explicit acts. It was further charged that Mr. Orlandella sent a video of himself to the female showing him masturbating. The original investigation was undertaken by the Port Neches, TX police department which ultimately turned it over to Homeland Security Investigations. Hearings were held on multiple pretrial evidentiary motions seeking to suppress statements and evidence obtained by law enforcement

during the course of the investigation and questioning of Mr. Orlandella.

**2.  The Advisory Guidelines:**

The applicable total offense level as calculated by the Probation Department is 32 and the Criminal History Category is determined to be I. However, Probation has added six additional points based on Specific Offense Categories. The defendant objected to these enhancements in writing to the Probation Department in a letter dated July 19, 2022 stating that a two level increase for the age of the complaining witness is unfair duplication of an element already contained in the statute.

Further, he objected to another two level enhancement on the basis that he engaged, persuaded, induced, enticed, and coerced the minor to "engage in sexually explicit conduct." Mr. Orlandella submits that the evidence at trial does not support this conclusion.

Furthermore, Mr. Orlandella disagrees with a third two level enhancement for the use of a computer to transport or transmit material. The basis for Mr. Orlandella's objection is twofold. First, no computer was utilized in this case; and second, transmission by electronic means is already contained in the statute as an element of the crime.

**3.    Criminal History:**

Mr. Orlandella's criminal history is Category I.

**4. The Court's Consideration of § 3553(A) factors:**

One of the factors to be considered is the guideline range, but the Supreme Court has firmly instructed that sentencing courts "may not presume that the guideline range is reasonable." Gall v.United States, 128 S. Ct. 586, 596 (2007) (citing Rita v. United States, 127 S. Ct. 2456 (2007)). Rather a sentencing court must make an "individualized assessment based on the facts presented." Gall, *supra* at 597. Above all, a court's final determination of a sentence must reflect "§ 3553(a)'s overarching instruction to'impose a sentence sufficient, but not greater than necessary' to accomplish the sentencing goals advanced in

§ 3553 (a)(2)." *See* Kimbrough v. United States, 128 S. Ct. 558, 575(2007); Freeman v. United States, 564 U.S. 522, 529 (2011) (citing 18 U.S.C. § 3553(a)).  "Federal sentencing law requires the district judge in every case to impose 'a sentence sufficient, but not greater than necessary, to comply with' the purposes of federal sentencing, in light of the Guidelines and other § 3553(a) factors." Freeman, 564 U.S. at 529 (citing 18 U.S.C. § 3553(a)). When weighing the § 3553(a) factors as part of its calculus of an appropriate sentence, the Court should consider not only the nature and circumstances of the offense and the history and

characteristics of the defendant, but also the applicable sentencing objectives—that is, that the sentence: (1) reflect the seriousness of the offense; (2) promote respect for the law; (3) provide just punishment; (4) afford adequate deterrence; (5) protect the public; and (6) effectively provide the defendant with needed educational or vocational training and medical care. See 18 U.S.C. §§ 3553(a)(1) and (2). Further, the sentence should reflect "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. §3553(a)(6).
The defendant addresses the factors here.

### A. Nature and circumstances of the offense and the history and characteristics of the defendant:

The offenses for which Mr. Orlandella was convicted are serious charges indeed. However, in mitigation of the circumstances his state of mind, mental condition, and the circumstances surrounding his behavior, as well as his personal, family, and professional life and the contributions made in each should be taken into account. These are dealt with in detail below.

### B. Personal and Family Life:

Mr. Orlandella was born and raised in Medford, Massachusetts He graduated from Medford High School in 1990. PSR ¶ 54. From there he entered and graduated from Troy University in Alabama where he

studied criminal justice and psychology. PSR ¶ 66. While at college he played on the baseball team where he excelled as an athlete.

Mr. Orlandella has been married to Erinn since 1997. Due to his arrest in this case the couple separated but remain close and completely involved in the lives and education of their children. PSR ¶¶ 55, 57, 58.

Mr. and Mrs. Orlandella have two amazing children, a boy and a girl, each who is attending college. One pursuing a Master's Degree, the other entering as a freshman. Reading the letter of his children, one can easily discern that they are bright, well grounded, intelligent, understanding, and love their father They know that the man who stands before the court for sentencing is not the man they know, and not the man who has, but for this one wrong way turn in life, led an exemplary life devoted to public service and to family. Mr. Orlandella respectfully hopes that the court will take the words of these devoted and innocent children about their father as genuine and accurate.

It is no wonder that Mr. Orlandella's wife described him in her PSI interview as "a caring person who is an awesome father." PSR ¶ 59.

During his period of pretrial release, Mr. Orlandella resided with his parents, both of whom are in their late seventies, under court ordered conditions. Throughout that period his father's health declined and a great deal of time was spent assisting his

mother with the post-operative care of his father. The court will see that throughout the stream of letters submitted one common trait is recognized and expressed by the writers, that is Mr. Orlandella's deep sense of compassion and eagerness to help others.

**C. Employment:**

About a year or so after graduating college, Mr. Orlandella was appointed as a state probation office in 1998. He worked in the Lynn District Court and ascended to the position of assistant chief probation office for that court. PSR ¶ 70. As is stated in some of the many letters submitted to the Court with this memorandum, Lynn and the court that served it and the surrounding communities sees a wide variety of defendants, probationers come before it. Many of those who Mr. Orlandella supervised were serving probation sentences for violent, outrageous, despicable, and disturbing behavior. Mr. Orlandella worked with these individuals, many of whom also were victims of sexual abuse, drugs, violence, and the crimes on the extreme end of the spectrum. Nonetheless, he was regarded always as being fair, just, caring, and understanding, but firm in the full performance of his job. This won him the respect not only of his co-workers, but of law enforcement, the bar, the judiciary, and many of his probationers. See accompanying letters.

Throughout his tenure in a stressful and often unappreciated job he never delved into drugs nor became an abusive spouse or father. RSR ¶ 64-65. Even after his arrest and suspension from his

$98,000.00 a year job at the probation department, Mr. Orlandella continued to work at whatever job he was able to find at the hourly rates of $15.00 and $17.00 per hour in order to be sure that his children could have the necessities they required for school and sports. PSR ¶¶ 68-70.

**D. Physical Health:**

As reflected in the probation report, Mr. Orlandella suffers from high blood pressure and seasonal allergies. PSR ¶ 61.

**E.  Mental and Emotional Health:**

Prior to his arrest Mr. Orlandella had not received any mental health treatment. While on pretrial release he began treatment as stated in ¶ 63 of the PSR. The defendant invites the court's attention to that section of the report which speaks for itself.

**E. Need for Sentence Imposed:**

To be sure, given the nature of the indictment, a sentence of incarceration is warranted in order to impose punishment and  to promote respect for the law. However, while many might believe that the higher the sentence, the greater the deterrent affect, the empirical research shows no such correlation. Michael Tonry, *Purposes and Functions of Sentencing, 34 Crime and Justice: A review of Research*, 28-29 (2006).

The sentencing difficulty in this case of course is the statutory mandatory sentence on the child exploitation charge. However, it is critical to note that at no time or place was it

alleged that Mr. Orlandella ever offered, requested, intended, or desired to meet the complaining witness in this case. In mitigation, Mr. Orlandella points out that unlike those who sent messages and requests to travel to meet the female, presumably for some illicit reason, there is no indication of such behavior by Mr. Orlandella.

**5. Sentencing Options.**

As set out above, Mr. Orlandella disputes the guideline calculation in this case. Should the court accept the advisory guidelines as accurate however, Mr. Orlandella respectfully requests the court to impose a sentence outside the guideline range as it is greater than necessary to meet the purposes of sentencing. United States v. Whigham, 754 F. Supp. 2d 239, 252 (D. Mass. 2010).

The sentencing court is afforded "very broad" discretion, United States v. Prosperi, 686 F.3d 32, 42 (1st Cir. 2012), and "[a] sentencing judge has very wide latitude to decide the proper degree of punishment for an individual offender and a particular crime." United States v. Cavera, 550 F.3d 180, 188 (2d Cir. 2008). "[S]entencing necessitates a case-by-case approach, the hallmark of which is flexibility. Accordingly, a sentencing court should not consider itself constrained by the [sentencing] guidelines to the extent there are sound, case-specific reasons for deviating from them." Prosperi, 686 F.3d at 42 (internal citations and quotations omitted).

Moreover, Section 3553(a)(2), known as the "parsimony" provision, provides that "[t]he court shall impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in section 3553(a)(2)." 18 U.S.C. § 3553; see also United States v. Jimenez-Beltre, 440 F.3d 514, 525, n.8 (1st Cir. 2006) (the parsimony provision "requires that sentences be only as long as necessary to serve the purposes listed in section 3553(a)(2)."). In light of this provision, courts should impose a sentence "outside the guideline range when the range is greater than necessary or insufficient to meet the purposes of sentencing." United States v. Whigham, 754 F. Supp. 2d 239, 252 (D. Mass. 2010).

Important sentencing factors set out in the sentencing statute is that:

(1) the sentence should be sufficient to afford adequate deterrence to criminal conduct. Mr. Orlandella is unlikely to reoffend when released from custody given his personal history and the consequences that he has and will continue to suffer as a result of this conviction.

(2) With respect to general deterrence, Mr. Orlandella's incarceration will serve a deterrent effect on others who will realize that a felony conviction of this nature will affect their livelihood, tarnish their reputation, and destroy their family. Additional deterrence is not necessary.

(3) A sentence should be appropriate to protect the public

from further crimes of the defendant. Given the circumstances here, there is no basis to conclude that the public needs to be protected from Mr. Orlandella. From December 2018 to the date of his conviction, Mr. Orlandella was on release and working in the community. At no time did he violate any of the conditions set by the court nor were there any complaints or indicia that Mr. Orlandella engaged in any unlawful or inappropriate behavior during that period. Further, there is nothing in Mr. Orlandella's background, upbringing, and work history that would even suggest that the public would require protection from him upon release, especially with the imposition of supervised release and attendant conditions.

G. **Conclusion and Recommendation:**

To the extent that the court is bound by the mandatory minimum sentence of 180 months in Count 1, Mr. Orlandella requests the court to impose that sentence. Further, should the court find that the PSR calculated range of 235 - 293 months is accurate, Mr. Orlandella requests the court to depart downward from those advisory guidelines based upon the factors, points, and authorities written above. There is no need in this case to impose a sentence beyond the minimum mandated by the statute.

**G. Exhibits:**

Attached to this memorandum are several groups of exhibits consisting of letters from family, friends, law enforcement, and a

member of the bar. They are grouped and indexed according to each of the above categories.

**H. Conclusion, Request, and Recommendation:**

To the extent that the court is bound by the mandatory minimum sentence of 180 months in Count 1, Mr. Orlandella requests the court to fashion and impose a sentence that does not exceed that number of months. If the court should find that the PSR guideline calculation submitted by Probation is accurate, then Mr. Orlandella states that it is appropriate in this case to depart downward from the advisory guidelines to the Count 1 mandatory sentence based upon the factors, points, and authorities written above. There is no need in this case to impose a sentence beyond the minimum mandatory set out in the statute. To do so would result in a sentence greater than necessary to accomplish the stated sentencing goals.

Respectfully submitted,
Brian Orlandella,
By his attorneym

/s/ *James J. Cipoletta*
_____
James J. Cipoletta
MA Bar No. 084260
385 Broadway
Revere, MA 02151
Telephone 781.289.7777
E: jim@cipoletta.com

July 25, 2022

<u>*Certificate of Service*</u>

I hereby certify that this document filed through the ECF system will be sent electronically to the
registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or before the above date.

<u>*/s/ James J. Cipoletta*</u>