UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>v.                                                      )<br>)<br>BRIAN ORLANDELLA,                 )<br>)<br>Defendant.                                 ) | CRIMINAL NO.  19-cr-10010-MLW |

GOVERNMENT'S MOTION TO FACILITATE COURT ACCESS FOR OUT-OF-STATE VICTIM

Now comes the United States of America, by and through the undersigned Assistant United States Attorneys, and respectfully requests that the Court allow the sentencing hearing scheduled for Friday, August 5, 2022 at 2:00 p.m. to be broadcast by Zoom to the minor victim (or her family), should they wish to attend.[1]  As reason therefor, the government submits that Minor A's mother, who has submitted a victim impact statement in advance of the sentencing hearing, has been advised that the government will fund her travel to and lodging in Massachusetts so that she may attend the sentencing hearing in person if she so desires.  However, given the date and timing of the sentencing hearing, the two-hour distance between Minor A's home and the closest major airport in Texas, and the recent high occurrence of flight delays and cancellations across the country, it is likely that such travel would necessarily span three days.  Having already made such a voyage for the purpose of testifying at the trial in this matter, Minor A's mother believes that to do so again would present a hardship for her family, as she is the primary caretaker for five of her six children (the other of whom is now an adult).

---

[1] Understanding that the courtroom will be open to the public without restrictions on attendance (for example, related to Covid), the government is not asking the Court to broadcast the in-person hearing via a publicly accessible link.

1

Under the Crime Victim's Rights Act, 18 U.S.C. § 3771, crime victims have a right not to be excluded from any public court proceeding involving the crime and the right to be reasonably heard at any public proceeding involving sentencing.  18 U.S.C. §§ 3771(a)(3), (4).  Additionally, the Act directs the government to make its best efforts to see that crime victims are accorded these rights, Id. § (c)(1), and directs the Court to "ensure that the crime victim is afforded" these rights.  Id. § (b)(1).  The statute also requires courts to "make every effort to permit the fullest attendance possible by the victim and [ ] consider reasonable alternatives to the exclusion of the victim from the criminal proceeding" where, for example, a victim's attendance might implicate sequestration issues.  Id. §§ (a)(3), (b)(1).  If for any reason these rights are denied, the reasons for such denial must be clearly stated on the record.  Id. § (b)(1).

At present, Minor A's mother does not intend to speak at the sentencing hearing.  To be clear, Minor A's mother (and/or Minor A) may ultimately choose *not* to attend the hearing even if virtual attendance is offered as an option.  The government merely seeks the opportunity for her to do so (and to make the decision whether to do so on the date of the hearing) without requiring her to undertake cross-country travel (and endure the obvious stressors attendant to such travel).  The government respectfully submits that allowing video access will provide the victim's family with the option to attend without undue burden on the Court, which is equipped to broadcast hearings over Zoom, and will not implicate the constitutional rights of the defendant, who will be present for the hearing.  The government has conferred with Attorney Cipoletta, who prefers not to take a position on the motion until he has the opportunity to speak with the defendant.

For these reasons, and given that such relief would pose no prejudice to the defendant, the government respectfully requests that the Court allow the government's request.

.

Respectfully submitted,

RACHAEL S. ROLLINS
United States Attorney

Dated: August 3, 2022              By:    */s/ Anne Paruti*
                                          Anne Paruti
                                          Adam W. Deitch
                                          Assistant United States Attorneys
                                          One Courthouse Way, Suite 9200
                                          Boston, MA 02210
                                          (617) 748-3100

## CERTIFICATE OF SERVICE

    I, Anne Paruti, hereby certify that the foregoing was filed through the Electronic Court Filing system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing.

Date: August 3, 2022　　　　　　　　　　　　　/s/ *Anne Paruti*
　　　　　　　　　　　　　　　　　　　　　　Assistant United States Attorney