UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA          )
                                  )
                                  )
                                  )
              v.                  )          Civ. No. 25-11807-MLW
                                  )          Cr. No. 19-10010-MLW
BRIAN ORLANDELLA,                 )
        Defendant.                )

MEMORANDUM AND ORDER

WOLF, D.J.                                   September 19, 2025

A jury found defendant Brian Orlandella guilty of sexual
exploitation of a minor and transfer of obscene material to a
minor. The court sentenced Orlandella to a term of 204 months in
prison followed by 60 months of Supervised Release. The First
Circuit affirmed Orlandella's conviction on appeal. See United
States v. Orlandella, 96 F.4th 71, 75-83 (1st Cir. 2024).
Orlandella has now filed a pro se Motion to Vacate, Set Aside, or
Correct Judgement or Sentence pursuant to 28 U.S.C. §2255 and a
memorandum in support thereof. See Dkt. Nos. 307, 308 (the "§2255
Motion"); Orlandella v. United States, No. 25-cv-11807, Dkt. No.
1. Because Orlandella is not a lawyer and is representing himself,
the court has construed his claims and submissions liberally. See
Erickson v. Pardus, 551 U.S. 89, 94 (2007); Estelle v. Gamble, 419
F.3d 20, 106 (1976).

The government has filed a 20-page opposition to the §2255
Motion. See Dkt. No. 311. The court finds the government's

1

opposition to be thorough, and factually and legally correct in every respect. Therefore, for the reasons stated in the government's opposition attached hereto as Exhibit 1, and incorporated in this Memorandum and Order, the §2255 Motion is being denied. However, the court adds the following.

"Evidentiary hearings on §2255 petitions are the exception, not the rule," so there is a "fairly heavy burden" on the petitioner to demonstrate that an evidentiary hearing is warranted. United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993) (citations omitted). An evidentiary hearing is not necessary when a §2255 motion is inadequate on its face, or, although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case. See Moreno-Morales v. United States, 334 F.3d 140, 145 (1st Cir. 2003) (quoting United States v. DiCarlo, 575 F.2d 952, 954 (1st Cir. 1978)); see also Rule 4(b) of the Rules Governing Section 2255 Proceedings ("If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the [court] shall make an order of summary dismissal."). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." McGill, 11 F.3d at 225.

This is such a case. This court conducted a three-day hearing on defendant's motion to suppress, which it denied in an oral decision. See Mar. 10, 2020 Tr. (Dkt. No. 170) at 4-16. This court subsequently memorialized that decision in a 29-page memorandum and order, see Dkt. No. 301. This court also has the First Circuit's thorough decision affirming this court's decisions. See Orlandella, 96 F.4th at 71-106. Therefore, the court has all of the information necessary to decide the §2255 Motion without a hearing.

With regard to alleged errors by trial counsel it should be noted that after Orlandella was convicted the court stated that:

> This has been a consequential case, obviously, and it carries a long mandatory minimum sentence. I'll say both the United States and the defendant have been very ably represented...[T]he jury was very attentive and even though they rendered a verdict relatively quickly, I'm confident that they made the decision carefully.
>
> I mean, as I said, I think, earlier [to Orlandella's counsel] Mr. Cipoletta, I think the evidence marshalled by the government and presented in a very well organized way was very powerful, and I can't imagine how anybody could have done more or better than you did with the hand you were dealt. So when we have any case, but particularly a consequential case, we want all parties to be well represented. That's occurred in this case.

Apr. 20, 2022 Tr. (Dkt. No. 268) at 6-116.

The First Circuit's decision affirming the conviction in this case also makes clear that defendant's appellate counsel was not ineffective. See Orlandella, 96 F.4th at 71-106. More

3

specifically, it is evident that appellate counsel's conduct was reasonable considering all the circumstances. See Strickland v. Washington, 466 U.S. 668, 687, 689 (1984); Evitts v. Lucey, 469 U.S. 387, 392-405 (1985). Moreover, in view of the overwhelming, lawfully obtained evidence demonstrating Orlandella's guilt, if, contrary to the court's conclusion, there was a deficiency in appellate counsel's conduct, it is not material.

Pursuant to 28 U.S.C. §2253(c)(1)(B), a defendant may not appeal a final order in a §2255 proceeding unless the district court first issues a Certificate of Appealability ("COA") or the Court of Appeals authorizes it. This court may only issue a COA if a defendant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). A movant "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, U.S. 322, 327 (2003). This standard presents "a low bar." Pinero v. Medeiros, 381 F. Supp. 3d 169, 171 (D. Mass. 2019). Nevertheless, a movant "seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." Miller-El, 537 U.S. at 338 (quotation marks and citation omitted).

4

Applying this standard, the court finds that certifying an appeal of this decision is not justified. Therefore, the court is not issuing a Certificate of Appealability. Defendant may, however, request that the First Circuit authorize an appeal.

I.  ORDER

In view of the foregoing, it is hereby ORDERED that:

1. Orlandella's §2255 Motion (Dkt. No. 307) is DENIED.

2. A Certificate of Appealability of the denial of

Orlandella's §2255 Motion is DENIED.

UNITED STATES DISTRICT JUDGE